COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-355-CV

 

 

TWENTY WINGS LTD. D/B/A                                                   APPELLANT

HOOTERS                                                                                          

                                                   V.

 

TEXAS ALCOHOLIC BEVERAGE                                                       APPELLEES

COMMISSION;
PARTNERSHIP
FOR                                                          

COMMUNITY VALUES; THE HON.

BILL ZEDLER; THE HON. RON

WRIGHT; THE HON. STEVE 

MCCOLLUM; MRS. LESLIE

RECINE; MRS. MELBA MCDOW;

THE HON. PATRICIA A. HARDY;

MR. BARRY D. JOHNSON; AND MRS.

RELAND GONZALEZ

                                              ------------

 

             FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The issue in this case is whether the trial court
had authority to issue a writ of mandamus ordering an administrative law judge
to dismiss on res judicata grounds a contested administrative proceeding
involving an application  for a mixed
beverage permit.  Because the issues of
law presented by this case are well settled and the parties are familiar with
the facts, we shall not recite the law and the facts here except as necessary
to advise the parties of our decision and the basic reasons for it.[2]








After two unsuccessful attempts to obtain a
license to sell beer[3]
at its South Arlington restaurant location, Twenty Wings, Ltd. d/b/a Hooters
(Hooters) applied for a mixed beverage permit.[4]  A citizens action group called Partnership
for Community Values, and others, contested the application.  They and the Texas Alcoholic Beverage
Commission (TABC) filed a plea in bar requesting that the administrative law
judge (ALJ) of the State Office of Administration Hearings (SOAH) dismiss the
proceeding on res judicata grounds based on the two prior proceedings.  When the ALJ denied the motion to dismiss,
the TABC and other appellees filed the underlying original proceeding in the
48th District Court of Tarrant County. 
After a hearing and the appointment of visiting Judge David Cleveland,
the trial court entered findings of fact and conclusions of law and issued a
writ of mandamus, ordering the ALJ to dismiss the administrative proceeding on
the ground that it was barred by res judicata.

Among other complaints, Hooters contends that the
trial court lacked subject matter jurisdiction to render the mandamus order
because the mixed beverage permit proceeding was within the exclusive
jurisdiction of the TABC and SOAH. 
Whether the TABC has exclusive jurisdiction is a question of law that we
review de novo.[5]








Administrative bodies have only the powers
conferred on them by clear and express statutory language and implied powers
that are reasonably necessary to carry out the Legislature=s
intent.[6]  When the Legislature grants an administrative
body the sole authority to make an initial determination in a dispute, the
agency has exclusive jurisdiction over the dispute.[7]  If an administrative body has exclusive
jurisdiction, a party must exhaust all administrative remedies before seeking
judicial review of the decision.[8]  Until the party has satisfied this exhaustion
requirement, the trial court lacks subject matter jurisdiction over the case
and must dismiss any claims filed in the trial court without prejudice to
refiling.[9]  When exhaustion is required, courts may
review the administrative action only at the time and in the manner designated
by statute.[10]

Determining whether an administrative body has
exclusive jurisdiction requires an examination and construction of the relevant
statutory scheme.[11]  When a court decides that a Apervasive
regulatory scheme@ shows that the legislature
intended for the regulatory process to be the exclusive means for remedying the
problem to which the regulation is addressed, exclusive jurisdiction exists.[12]








Section 1.06 of the Texas Alcoholic Beverage Code
(the Code) provides that A[u]nless otherwise specifically
provided by the terms of this code, the manufacture, sale, distribution,
transportation, and possession of alcoholic beverages shall be governed
exclusively by the provisions of this code.@[13]  In addition, section 5.31 of the Code further
provides: 

[The TABC] may exercise
all powers, duties, and functions conferred by this code, and all powers
incidental, necessary, or convenient to the administration of this code. It
shall inspect, supervise, and regulate every phase of the business of
manufacturing, importing, exporting, transporting, storing, selling,
advertising, labeling, and distributing alcoholic beverages, and the possession
of alcoholic beverages for the purpose of sale or otherwise.  It may prescribe and publish rules necessary
to carry out the provisions of this code.[14]

 

In addition, section 5.43 provides in part that the TABC Adesignates
the State Office of Administrative Hearings to conduct . . . any hearing
authorized by this code.@[15]








Construing these statutes in accordance with
their plain and ordinary meaning, we hold that the Code constitutes a pervasive
regulatory scheme that evidences the Legislature=s intent
that the regulatory process governing 
contested hearings for mixed beverage permits be exclusive.  Thus, at the time the trial court rendered
its order in this case, the TABC and SOAH had exclusive jurisdiction to decide
the merits of all substantive legal and factual issues involved in the
contested hearing concerning Hooters=
application for a mixed beverage permit.

Although appellees cite State v. Thomas in
support of their argument that mandamus relief is available, that case is
distinguishable.[16]  In Thomas, the Supreme Court of Texas
conditionally granted the attorney general=s writ
of mandamus to compel the Public Utility Commission (PUC) to allow him to  intervene as a party in an administrative
proceeding.[17]  Unlike the trial court=s order
before us, the Supreme Court=s ruling
in Thomas did not interfere with the PUC=s
exclusive authority to decide the merits of the substantive legal and factual
questions involved in the administrative proceeding.  We do not address whether appellees would be
entitled to mandamus relief following a final order by the ALJ.

 

 

 

 








Therefore, without reaching the merits of the res
judicata issue, we hold that the trial court lacked subject matter jurisdiction
to decide the issue of whether res judicata barred Hooters=
application for a mixed beverage permit prior to the conclusion of the
administrative proceeding.  We vacate the
trial court=s order granting mandamus relief
and dismiss the case.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  June 29, 2006











[1]See Tex. R. App. P. 47.4.





[2]Id.





[3]See Tex. Alco. Bev. Code Ann. ''
5.43, 61.03-.031, .11, .13-.15, .31-.32, .36-.37, .381-.39, .41-.43, .52, .71,
.86-.87, 69.02, .06, .16 (Vernon Supp. 2005); '' 61.01-02, .04-.10, .12, .33-.35, .38, .40, .44-.51,
.711-.85, 69.01, .03-.05, .70-.15, 70.01-03 (Vernon 1995) (statutory framework
for beer license applications).





[4]See Tex. Alco. Bev. Code Ann. '' 5.43, 11.015, .041, .09-.091, .11-.13, .321, .35,
.37-.393, .41, .46, .61, .612-.613, .64-.641, .72-.73, 28.10, .13, .17-.18
(Vernon Supp. 2005); '' 11.01, .02-.04, .05-.08, .10, .31-.32, .33-.34, .36,
.40, .42-.45, .47-.52, .611, .62-.63, .65-.71, 28.01-.09, .11-.12, .14-.16,
29.01-.03 (Vernon 1995) (statutory framework for mixed beverage permit
applications).





[5]Subaru of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex. 2002).





[6]Id. at 220; Tex.
Workers' Comp. Comm'n v. Patient Advocates of Tex., 136 S.W.3d 643, 652
(Tex. 2004).





[7]David McDavid Nissan, 84 S.W.3d at 221.





[8]Id.





[9]Id.





[10]Cash Am. Int=l Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000).





[11]David McDavid Nissan, 84 S.W.3d at 221.





[12]Id.





[13]Tex. Alco. Bev. Code Ann. ' 1.06 (Vernon 1995).





[14]Id. ' 5.31





[15]Id. ' 5.43.





[16]State v. Thomas, 766 S.W.2d 217, 219-20
(Tex. 1989).





[17]Id.; see Tex. Const. art. IV, ' 22
(setting forth the duties of the attorney general).